# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| RICHARD GRENELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OLIVIA TROYE,<br><br>　　　　Defendant. | Case No. 24-cv-00646 (RDA/WEF) |

## PLAINTIFF RICHARD GRENELL'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR JUDGMENT ON THE PLEADINGS AND FOR DISMISSAL UNDER VIRGINIA ANTI-SLAPP LAW

Jason C. Greaves, VSB No. 86164
Jesse R. Binnall, VSB No. 79292
Jared J. Roberts, VSB No. 97192
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jason@binnall.com
jared@binnall.com

*Counsel for Plaintiff*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ...................................................................................... ii

BACKGROUND ........................................................................................................ 2

STANDARD OF REVIEW ......................................................................................... 3

ARGUMENT .............................................................................................................. 4

    I.    Plaintiff Stated a Claim for Defamation. ......................................................... 4

        a.    Defendant asserted as fact that Ambassador Grenell associated with Nazis and tried to get Vice President Pence to attend a white supremacist gathering.................................................................................... 4

        b.    Defendant made the statements with actual malice............................... 7

        c.    Defendant's conduct constituted defamation per se................................. 9

        d.    Virginia does not require itemization of damages in the Complaint. ...... 10

    II.    Defendant is Not Entitled to Fees Under Virginia's Anti-SLAPP. ............... 11

    III.    Defendant's Motion for Judgment on the Pleadings Must be Denied as Premature. .................................................................................................. 14

CONCLUSION ......................................................................................................... 15

CERTIFICATE OF SERVICE .................................................................................. 17

## TABLE OF AUTHORITIES

### Cases

*A.H. by next friends C.H. v. Church of God in Christ, Inc.*,

    297 Va. 604, 629 (2019) ............................................................................13

*ABLV Bank v. Center for Advanced Defense Studies, Inc.*,

    No. 1:14-cv-1118-CMH, 2015 WL 12517012, *2–3 (E.D. Va. Apr. 21, 2015)....11, 12

*Ashcroft v. Iqbal*,

    556 U.S. 662, 678 (2009) .............................................................................3

*Brandsafway Services, LLC v. Manolis Painting, Inc.*,

    Civil Action No. RDB-18-2016, 2019 WL 4415740, at *2 (D. Md. Sept. 16, 2019).15

*Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*,

    278 F.3d 401, 405 (4th Cir. 2002) ...............................................................15

*Carwile v. Richmond Newspapers*,

    196 Va. 1, 7 (1954) .....................................................................................9

*Chaves v. Johnson*,

    230 Va. 112, 118–19 (1985) ........................................................................5

*Crawford v. Deutsche Bank AG*,

    244 F. Supp. 2d 615, 616 (E.D. Va. 2003)...................................................15

*Dunn, McCormack & MacPherson v. Connolly*,

    281 Va. 553, 557 (2011) ..............................................................................3

*Erie R.R. v. Tompkins*,

    304 U.S. 64, 92 (1938) ..............................................................................11

*Fairfax v. CBS Broad. Inc.*,

    534 F. Supp. 3d 581, 601 (E.D. Va. 2020)..................................................13

*Fleming v. Moore*,

    221 Va. 884, 889 (1981) ...........................................................................11

*Goodrich v. Rep. Pub. Co.*,

    199 S.W.2d 228, 230 (Tex. Civ. App. 1946) ...............................................6

*Griffin v. Shively*,

    227 Va. 317, 320-21 (1984)......................................................................13

*Hall v. DIRECTV, LLC*,

    846 F.3d 757, 765 (4th Cir. 2017) ..............................................................3

*Hyland v. Raytheon Tech. Servs. Co.*,

    277 Va. 40, 47–48 (2009) ...........................................................................4

*Jordan v. Kollman*,

    269 Va. 569, 575 (2005) .............................................................................4

*Lee v. Southland Corp.*,

    219 Va. 23, 28 (1978) ...............................................................................11

*Massey v. Ojaniit*,

    759 F.3d 343, 353 (4th Cir. 2014) ..............................................................3

*Moldea v. New York Times Co.*,

    22 F.3d 310, 313 (D.C. Cir. 1994) ..............................................................4

*O'Donnell v. Philadelphia Rec. Co.*,

    356 Pa. 307, 309, 312–13 (1947) ...................................................................6

*Parker v. Carilion Clinic*,

    296 Va. 319, 330 (2018) ...............................................................................3

*Schaecher v. Bouffault*,

    290 Va. 83, 91 (2015) ...................................................................................4

*Snead v. Harbaugh*,

    241 Va. 524, 528 (1991) .............................................................................11

*Spirito v. Peninsula Airport Comm'n*,

    350 F. Supp. 3d 471, 481 (E.D. Va. 2018)................................................7, 8

*State v. Guinn*,

    208 Tenn. 527, 532–33 (1961) .....................................................................6

*Steele v. Goodman*,

    382 F. Supp. 3d 403, 427 (E.D. Va. 2019)..................................................8

*Steinla v. Jackson*,

    42 Va. Cir. 281, 1997 WL 1070597, at *6 (Winchester 1997)................4, 6

*Structural Concrete Products, LLC v. Clarendon America Ins. Co.*,

    244 F.R.D. 317, 325 (E.D. Va. 2007) ........................................................11

*Tronfeld v. Nationwide Mut. Ins. Co.*,

    272 Va. 709, 715 (2006) ...............................................................................4

*Yeagle v. Collegiate Times*,

    255 Va. 293, 295–96 (1998) .........................................................................6

### Statutes

DC Code § 16-5502 ...................................................................................12

DC Code § 16-5504 ...................................................................................12

Va. Code § 8.01-223.2 ................................................................11, 12, 13

### Other Authorities

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §
1367 (West 1990) ...........................................................................15

GOFUNDME, "Olivia Troye Legal Defense Fund Re: MAGA Litigant,"
https://www.gofundme.com/f/olivia-troye-legal-defense-fund-re-maga-
litigant?attribution_id=sl:b605099e-173e-4fe7-8826-
9a8f8c20f150&utm_campaign=p_cp+share-
sheet&utm_content=v2_shareai_control&utm_medium=copy_link_all&utm_sourc
e=customer (last visited May 22, 2024)................................................14

MERRIAM-WEBSTER, "White Supremacist", https://www.merriam-
webster.com/dictionary/white%20supremacist (last visited May 22, 2024).............5

### Rules

Fed. R. Civ. P. 12(b)(6) ...............................................................................3

Fed. R. Civ. P. 12(c) ..................................................................................14

Defendant Troye spends much of her motion rehashing arguments that were previously rejected by a state court. Not once, however, does Defendant even mention the fact that the Alexandria Circuit Court previously considered a substantially similar complaint and found that Ambassador Grenell stated a plausible claim for defamation.

Defendant continues to discount the vileness of her false accusations against Ambassador Grenell. But for a professional diplomat—the United States ambassador to Germany, no less—a false accusation, from a former colleague and White House insider, of associating with Nazis and attempting to set a meeting between the then-Vice President of the Unites States and white supremacists in Germany is devastating and outrageous. She cannot now shrug off those lies.

Moreover, Defendant cannot have it both ways. In her motion, she simultaneously claims that she stated "the simple factual truth" about her abhorrent (and false) accusations while also claiming that her statement was opinion. The statement cannot be both true and opinion as a matter of law.

Defendant attempts to hide the context of the first part of her tweet, which was a direct response to a question: whether someone has "proof"—*i.e.*, facts showing—that Ambassador Grenell "[hung] out with Nazis" while he was ambassador to Germany. She then incorrectly relies on the principle of *in haec verba*, while *omitting* two key words of her statement—"I do."—which was in direct response to that question. In so doing, Defendant lied when she purported to provide such proof with

her "simple factual statement." Her motion must be denied here for the same reasons it was denied in state court.

## BACKGROUND

On April 8, 2022, when United States Congressman Ted Lieu asked United States Congressman Eric Swalwell if he had any proof that Ambassador Grenell used to "hang out with Nazis," Defendant interjected, affirmatively answering, "I do." Compl. at ¶ 22. Defendant did not stop there. She continued: "While in his role as Ambassador, Grennell [sic] tried to get Mike Pence to attend a white supremacist gathering during one of his overseas trips." *Id*. Accordingly, on August 8, 2022, Ambassador Grenell brought suit against Defendant in the Alexandria Circuit Court.

On September 20, 2022, Defendant filed a demurrer asking the court to dismiss all claims. On October 26, 2022, the Alexandria County Circuit overruled Defendant's demurrer, noting that Ambassador Grenell had met his burden at the pleading stage. *See* Exhibit A (hearing transcript). Ultimately, on October 10, 2023, Ambassador Grenell moved to nonsuit the case.

On April 12, 2024, Ambassador Grenell refiled a substantially identical complaint in the Alexandria Circuit Court. Defendant removed the case to federal court on April 19, 2024. Defendant filed her motion to dismiss—which is substantially similar to her demurrer in state court—on May 10, 2024. Ambassador Grenell respectfully requests that this Court deny Defendant's motion in its entirety.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) tests whether a complaint states "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a 12(b)(6) motion, a complaint need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When resolving a motion to dismiss, the Court does not resolve factual disputes; rather, when a complaint states well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The Court is "required to accept all well-pleaded allegations of [Ambassador Grenell's] complaint as true and draw all reasonable factual inferences in his favor." *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014). In essence, a complaint must survive dismissal if it raises "more than a sheer possibility that a defendant has acted unlawfully." *Hall v. DIRECTV, LLC,* 846 F.3d 757, 765 (4th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).[1]

---

[1] This standard is similar to the demurrer standard, which the Alexandria County Circuit previously applied. The "purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted." *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 557 (2011) (internal citation omitted). The purpose of a demurrer is not to settle the merits of the case. *See id.* The Court must "accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the claimant" and draw all reasonable inferences in his favor. *Parker v. Carilion Clinic*, 296 Va. 319, 330 (2018). Thus, while the Alexandria County Circuit Court's prior decision is not binding, it is persuasive.

ARGUMENT

## I.     Plaintiff Stated a Claim for Defamation.

In Virginia, a claim for defamation has three elements: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 269 Va. 569, 575 (2005). As the Alexandria Circuit Court has already found, Ambassador Grenell sufficiently pled each element.

### a.     Defendant asserted *as fact* that Ambassador Grenell associated with Nazis and tried to get Vice President Pence to attend a white supremacist gathering.

Defendant admits, in her motion, that she made a factual assertion about Ambassador Grenell, then attempts to decontextualize it to avoid responsibility. *See* Dkt. No. 7 at 3. This is contrary to law. The Court must consider the full context of a defamatory statement, including all reasonable implications, inferences, or insinuations. *Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40, 47–48 (2009). A statement is actionable when it is false and contains the necessary defamatory "sting," harming someone's reputation in the community. *Schaecher v. Bouffault*, 290 Va. 83, 91 (2015). A statement that can be proven true or false with evidence is not opinion, and courts must give plaintiffs the chance to present that evidence. *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 715 (2006); *see also Steinla v. Jackson*, 42 Va. Cir. 281, 1997 WL 1070597, at *6 (Winchester 1997) (quoting *Moldea v. New York Times Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994) ("Statements of opinion can be actionable [i]f they imply a provably false fact, *or rely upon stated facts that are provably false.*") (emphasis added)). Even isolating and de-contextualizing Defendant's statement, as

4

she improperly asks this Court to do, she has alleged that a particular incident occurred: that Ambassador Grenell urged the Vice President to meet with a group of white supremacists. *That never happened.*

As an initial matter, calling someone a white supremacist is not—as claimed by Defendant—a relative matter of opinion. *See Chaves v. Johnson*, 230 Va. 112, 118–19 (1985) (finding that charges of being inexperienced and overpriced are relative). A white supremacist is a person who supports the belief that white people constitute a superior race and should therefore have control over people of other races.[2] Unlike the term racist, which is largely subjective and a matter of degree, either someone believes in the dominance of the white race over others, or they do not. For example, a person crossing the street to avoid an encounter with a person of a different race might be called a racist, but they would not be called a white supremacist. On the other hand, white supremacy is not subject to degrees, and if someone were a white supremacist it could be proven with evidence.

And Defendant went further than simply using the term "white supremacist." She claimed that Ambassador Grenell's promotion of a white supremacist group to the Vice President was *factual* evidence—proof—that Ambassador Grenell "[hung] out with Nazis" when she said, "I do." A Nazi, in Germany no less, is even more

---

[2] MERRIAM-WEBSTER, "White Supremacist", https://www.merriam-webster.com/dictionary/white%20supremacist (last visited May 22, 2024).

specific than a white supremacist, and charges of Nazism have been found in many courts to be defamatory *per se*.[3]

Moreover, even if labeling a group as "white supremacist" were relative or a matter of opinion, Defendant alleges *as fact* that Ambassador Grenell urged the Vice President to attend a specific event with a specific group of people. This is something that Defendant admits in her motion. Dkt. No. 7 at 9. This is a complete fabrication, and, as the Alexandria Circuit Court recognized, can be provable by evidence at trial. Exhibit A at 16. As noted by the City of Winchester Circuit Court in *Steinla*, even a statement of opinion that relies upon a stated fact that is provably false is defamatory. *Steinla*, 42 Va. Cir. at *6.

Defendant's argument, that she never said the word "Nazi" and did not make a statement about Ambassador Grenell's "personal beliefs, or his membership in any group," is a red herring. This is not a case of simple name calling.[4] Defendant did something far more insidious. She fabricated an event that would cause others to

---

[3] *See, e.g., State v. Guinn*, 208 Tenn. 527, 532–33 (1961) (finding that "Hitler-like tactics," as applied to a quasi-judicial officer who represents the state, is libelous *per se* because it implies that in his public duties he acted in a manner inconsistent with impartiality and the interests of justice); *O'Donnell v. Philadelphia Rec. Co.*, 356 Pa. 307, 309, 312–13 (1947) (holding that defendants committed libel *per se* when they accused a news reporter of being a "Naziphile" in sympathy with Hitler's liquidation of Jews); *Goodrich v. Rep. Pub. Co.*, 199 S.W.2d 228, 230 (Tex. Civ. App. 1946), *writ refused* (finding publishing company liable for libel *per se* for an article stating the plaintiff was pro-Nazi).

[4] *See Yeagle v. Collegiate Times*, 255 Va. 293, 295–96 (1998) (finding that the phrase "Director of Butt Licking" is offensive and in bad taste but cannot reasonably be understood as stating an actual fact and is therefore rhetorical hyperbole).

reasonably believe, as a fact, that Ambassador Grenell had ties with Nazis in Germany and urged the Vice President to attend a white supremacist gathering. Defendant used her credentials and proximity to the Vice President to create an appearance of credibility. By alleging a provable falsehood to associate Ambassador Grenell with Nazis, she committed defamation.

Finally, Defendant incredibly argues that accusing someone of affiliating with Nazis and urging the Vice President to go to a white supremacist gathering does not have a defamatory meaning. Dkt. No. 7 at 12–13. These statements, as explained, are defamatory on their face, and particularly so for a former diplomat like Ambassador Grenell. Nazis and white supremacists are vile groups and accusing someone of associating with them is objectively harmful. The argument that such an association lacks defamatory sting is absurd and this Court should entirely discount it.

### b.    Defendant made the statements with actual malice.

Ambassador Grenell has alleged that Defendant had actual knowledge that her statements were false or acted with reckless disregard for the truth and that she intended by her statements to associate Ambassador Grenell with Nazism. Therefore, he has pleaded sufficient facts to support a finding of actual malice. At the pleadings stage, a plaintiff only needs to "create a plausible inference" that the defendant acted with actual malice. *Spirito v. Peninsula Airport Comm'n*, 350 F. Supp. 3d 471, 481 (E.D. Va. 2018). This can be shown through circumstantial evidence. *Id.*

In *Spirito*, the defendants, who were the plaintiff's co-workers, made statements implying that his shredding of documents was suspicious. *Id.* at 476. The

plaintiff alleged that he shredded documents regularly, in an open area for all employees to see, that he never received any formal complaints, and that the company did not have a retention policy. *Id.* at 481. This Court found that these allegations "suggest[ed]" all employees were aware of the shredding as a regular activity, and it created a plausible inference at the pleading stage that the defendants would have been aware of this, as employees. *Id.* Thus, this was sufficient to survive a motion to dismiss, and discovery was needed on each defendant's awareness. *Id. See also Steele v. Goodman*, 382 F. Supp. 3d 403, 427 (E.D. Va. 2019) (holding that an allegation that the defendant retaliated against the plaintiff for distancing himself from the defendant was sufficient to plead actual malice).

Similarly, here, Defendant was a special advisor to Vice President Pence. Compl. at ¶ 11. Thus, there is, at the very least, a plausible inference that Defendant had actual knowledge that Ambassador Grenell had never tried to set up a meeting between the Vice President and white supremacists or Nazis or any other controversial group for that matter. She also knew that her credentials would enhance the perceived credibility of her statement. *Id.* at ¶ 30. Even prior to bringing any legal action, when Ambassador Grenell asked Defendant for proof of her assertions, she declined to provide any. *Id.* at ¶¶ 25–28.

Further, as the Complaint alleges, Defendant spun this lie because she was disgruntled with the Trump administration. Indeed, Defendant was fired from the Vice President's office in August 2020 due to performance concerns. *Id.* at ¶¶ 12–14.

Defendant further holds special contempt for Ambassador Grenell because of his political beliefs. *Id.* at ¶ 16.

In total, as an experienced political operative, Defendant knew the impact these lies would have on Ambassador Grenell's reputation and career, and she chose consciously to attempt character assassination. Accordingly, Ambassador Grenell has alleged sufficient facts to create a reasonable inference of actual malice.

### c. **Defendant's conduct constituted defamation *per se*.**

A statement is defamatory *per se* if it imputes to a person unfitness to perform the duties of an office or employment or want of integrity in the discharge of his duties, or which prejudice him in his profession. *Carwile v. Richmond Newspapers*, 196 Va. 1, 7 (1954).

Ambassador Grenell was the official representative of the United States in Germany. In that role, it was his job to maintain diplomatic relations with the German government while promoting U.S. interests and foreign policy. Defendant's allegations imply that Ambassador Grenell worked *against* U.S. interests by associating with Nazis, an illegal political party in Germany, not to mention one of the United States' most detestable geo-political foes in history. Defendant's allegations assert that Ambassador Grenell, as a representative of the United States, attempted to have the then-Vice President meet with an abhorrent group, which would undermine the credibility of the United States and its diplomatic relations with Germany. Defendant's allegations, if true, would utterly disqualify him from diplomatic posts, from high-level government positions, and from consulting jobs in

the field of diplomacy and foreign policy. The Defendant's vicious lie was intended to and successfully damaged his reputation in his professional sphere.

Defendant tries to downplay these concerns and her allegations. She does not try to address that these statements harmed Mr. Grenell in his profession; instead, Defendant just says that the statements were open to interpretation, but they are not. It is disconcerting that Defendant apparently does not think that association with Nazis and white supremacists is sufficiently significant.

In reality, few things could be as harmful. Those poisonous and genocidal ideologies are a stain on humanity and while it is unacceptable to subscribe to them it is just as disgusting to falsely accuse someone of associating with them. Indeed, this is above and beyond accusing someone of being a racist—a subjective word that courts have struggled to precisely define. To the contrary, you can prove whether someone belongs to the Nazi party or subscribes to their specific beliefs. Moreover, you can prove whether someone believes white people are the supreme race and that others are inferior. These are statements that are not opinions, but things that can be proven, and things that are abhorrent. They are statements that constitute defamation *per se*.

### d.   Virginia does not require itemization of damages in the Complaint.

Ambassador Grenell has provided adequate notice to Defendant of the allegations and how Defendant's statements caused him harm. There is no requirement that Ambassador Grenell itemize his damages at this stage. Because Mr. Grenell will prevail on his defamation claim, he is entitled to a presumption of

general damages. *Snead v. Harbaugh*, 241 Va. 524, 528 (1991). Further, because he alleges defamation *per se*, special damages are presumed. *Fleming v. Moore*, 221 Va. 884, 889 (1981). Lastly, the question of punitive damages is left to a jury. *Lee v. Southland Corp.*, 219 Va. 23, 28 (1978). Thus, Defendant is not entitled to her requested relief.

## II.   Defendant is Not Entitled to Fees Under Virginia's Anti-SLAPP.

As an initial matter, Virginia's Anti-SLAPP statute cannot apply in federal court because it creates only procedural, not substantive rights. *See* Va. Code § 8.01-223.2; *Erie R.R. v. Tompkins*, 304 U.S. 64, 92 (1938); *ABLV Bank v. Center for Advanced Defense Studies, Inc.*, No. 1:14-cv-1118-CMH, 2015 WL 12517012, *2–3 (E.D. Va. Apr. 21, 2015).

Under the *Erie* doctrine, the Court must apply state substantive law and federal procedural law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 92 (1938). The key test is whether there is a federal rule directly on point. *Structural Concrete Products, LLC v. Clarendon America Ins. Co.*, 244 F.R.D. 317, 325 (E.D. Va. 2007). This Court, deciding on whether to apply DC's Anti-SLAPP statute under the *Erie* doctrine, declined to do so on the grounds that it was procedural and created no substantive rights. *ABLV Bank v. Center for Advanced Defense Studies, Inc.*, No. 1:14-cv-1118-CMH, 2015 WL 12517012, *2–3 (E.D. Va. Apr. 21, 2015). The Court noted that Anti-SLAPP statutes that provide an immediate right of appeal, like California's, are substantive because they indicate a legislative intent to provide immunity from trial,

11

"*not simply immunity from ultimate liability.*" *Id.* at *2 (emphasis added). The Court found that:

> DC's Anti-SLAPP Act . . . does not codify an immediate right to appeal, and does not create a substantive right but rather provides a procedural mechanism for review. At its core, the Act simply creates a heightened pleading standard for certain libel actions, similar to the heightened pleading requirement for fraud or mistake found in Rule 9(b) of the Federal Rules of Civil Procedure.

*Id.* at *3.

While this Court does not appear to have addressed whether Virginia's Anti-SLAPP statute is procedural or substantive, it is, on its face, procedural. Comparing Virginia's statute to DC's is particularly instructive, considering the *ABLV Bank* analysis. The DC statute provides for an expedited motion to dismiss, which includes a stay of discovery and a burden shift to the plaintiff, who is required to demonstrate that the claim is "likely to succeed on the merits" or the claim is dismissed. DC Code § 16-5502. It also includes fee shifting. § 16-5504. By contrast, Virginia's Anti-SLAPP only provides for *immunity from ultimate liability* and fee shifting. Va. Code § 8.01-223.2. Therefore, Virginia's Anti-SLAPP statute is simply inapplicable in federal court.

In addition, Virginia's Anti-SLAPP would still not provide relief to Defendant because defendant "knew or should have known" her statement was false. The legislature explicitly changed the Anti-SLAPP statute on July 1, 2023. Prior to this date, the exception to Anti-SLAPP protection was for "any statements made with actual or constructive knowledge that they are false or with reckless disregard for whether they are false." Va. Code § 8.01-223.2 (effective July 1, 2020 to June 30,

2023). After the July 1, 2023, amendment, however, the exception is broader, and now exempts "any statements that the declarant knew or *should have known* were false or were made with reckless disregard for whether they were false." Va. Code § 8.01-223.2 (emphasis added). This intentional change narrows the scope of the statute and expands its exceptions.[5]

Here, as described above, Defendant acted with actual malice in making her statements. At the very least, given her position, Defendant *should have known* that her statements were false. Defendant's suggestion that she had a good faith basis for believing her statements to be true is not entitled any weight at this stage in the proceedings. Accordingly, this statute does not apply.

Finally, Defendant would not be entitled to any fees, even if the Anti-SLAPP statute did apply. In *Fairfax v. CBS Broad. Inc.*, this Court granted the defendant's Anti-SLAPP but denied fees because "Fairfax's allegations are not so 'groundless, frivolous, or unreasonable' or so lacking in a substantial basis in fact and law as to warrant an award of fees." *Fairfax v. CBS Broad. Inc.*, 534 F. Supp. 3d 581, 601 (E.D. Va. 2020). Defendant has presented no basis that Ambassador Grenell has acted in

---

[5] This tracks the standard for negligence in Virginia. *See A.H. by next friends C.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 629 (2019) (holding that negligent retention applies when the employer knew or *should have known* the employee was dangerous); *Griffin v. Shively*, 227 Va. 317, 320-21 (1984) (defining negligence as "knew, or should have known"). The Anti-SLAPP's incorporation of this standard goes completely unaddressed by Defendant, but the Court could well overrule Defendant's motion to dismiss if it finds that Defendant should have known her statements were false, even if she subjectively did not intentionally lie.

any manner entitling her to fees. To be sure, this case is not without merit, or it would have been dismissed in state court.

Defendant attempts to paint herself as a victim who cannot financially afford this lawsuit, ignoring that she has raised over $40,000, in support of her defense.[6] Moreover, Defendant's primary argument in favor of imposing Anti-SLAPP fees are attacks against undersigned counsel and their law firm. These attacks, however, are frivolous—even sanctionable. This case is about pursuing just compensation and reputational vindication for Ambassador Grenell and nothing else—hence, he will not be engaging in similar attacks.

While the First Amendment is a pillar of our society, it does not protect defamatory statements. Accordingly, Ambassador Grenell seeks to hold Defendant accountable for her lies.

### III.   Defendant's Motion for Judgment on the Pleadings Must be Denied as Premature.

Fed. R. Civ. P. 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." As this Court and the Fourth Circuit have acknowledged, the pleadings are closed when a defendant files an answer. *See Crawford v. Deutsche Bank AG*, 244 F. Supp. 2d 615,

---

[6] GOFUNDME, "Olivia Troye Legal Defense Fund Re: MAGA Litigant," https://www.gofundme.com/f/olivia-troye-legal-defense-fund-re-maga-litigant?attribution_id=sl:b605099e-173e-4fe7-8826-9a8f8c20f150&utm_campaign=p_cp+share-sheet&utm_content=v2_shareai_control&utm_medium=copy_link_all&utm_source=customer (last visited May 22, 2024).

616 (E.D. Va. 2003); *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1367 (West 1990) (pleadings are considered closed "upon the filing of a complaint and answer"); *Brandsafway Services, LLC v. Manolis Painting, Inc.*, Civil Action No. RDB-18-2016, 2019 WL 4415740, at *2 (D. Md. Sept. 16, 2019) ("Pleadings are considered closed upon the filing of a complaint and answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings.") (citations omitted).

Here, Defendant has not yet filed an answer. Accordingly, the pleadings have not closed, and her motion for judgment on the pleadings must be denied as it is procedurally improper. Even if the motion were proper, however, it would still fail for the reasons above.

## CONCLUSION

Defendant deliberately or recklessly fabricated an event to taint Ambassador Grenell's good name, affiliating him with the abhorrent beliefs of Nazis and white supremacists. Viewing all facts and reasonable inferences in the Complaint as true and in the light most favorable to Ambassador Grenell, as the Alexandria Circuit Court has already done, the statements were defamatory, false, and made with actual

malice. Thus, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

Dated: May 24, 2024                           Respectfully submitted,

                                              */s/ Jason C. Greaves*
                                              Jason C. Greaves, VSB No. 86164
                                              Jesse R. Binnall, VSB No. 79292
                                              Jared J. Roberts, VSB No. 97192
                                              BINNALL LAW GROUP, PLLC
                                              717 King Street, Suite 200
                                              Alexandria, Virginia 22314
                                              Phone: (703) 888-1943
                                              Fax: (703) 888-1930
                                              Email: jesse@binnall.com
                                                      jason@binnall.com
                                                      jared@binnall.com

                                              *Counsel for Plaintiff*

16

## CERTIFICATE OF SERVICE

I certify that on May 24, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*