IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICHARD GRENELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-646 (RDA/WEF) |
| OLIVIA TROYE | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss or Judgment on the Pleadings and for Dismissal under Virginia's Anti-SLAPP Law ("Motion"). Dkt. 6. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the Memorandum in Support (Dkt. 7), Plaintiff's Opposition (Dkt. 12), and Defendant's Reply (Dkt. 14), the Court GRANTS the Motion for the reasons that follow.[1]

---

[1] Defendant filed a Motion to Dismiss or Judgment on the Pleadings. Under Federal Rule of Civil Procedure 12(c), a party can move for a judgment on the pleadings "after the pleadings have closed." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 7 defines "pleadings" as "only" a complaint, an answer, a complaint and answer to a cross- or counter-claim, and a reply to an answer. Fed. R. Civ. P. 7(a)(1)-(7). Thus, the pleadings close after the filing of the complaint and the answer. *Matthews v. U.S.*, 2015 WL 164805, at *6 (E.D. Va. Jan. 12, 2015), *aff'd*, 604 F. App'x 283 (4th Cir. 2015) (citing *Scottsdale Ins. Co. v. Doe*, 2014 WL 3778510, at *3 (W.D.Va. July 30, 2014) (collecting cases stating the same conclusion)). Here, as Defendant has not yet filed an answer to Plaintiff's Complaint, the pleadings have not yet closed. Accordingly, Defendant's Motion for Judgment on the Pleadings is untimely, and the Court will only consider Defendant's motion as a Motion to Dismiss.

1

## I. BACKGROUND

### A. Factual Background[2]

Plaintiff in this action is Richard Grenell, the former United States Ambassador to Germany (from May 8, 2018, to June 1, 2020). Dkt. 1-2 ¶ 8. Plaintiff brought this suit against Defendant Olivia Troye, a former aide to Vice President Michael Pence. *Id.* ¶ 2. In his Complaint, Plaintiff alleges that on April 8, 2022, in response to someone asking if they have proof of Plaintiff affiliating with Nazis while he was in Germany, Defendant publicly stated on Twitter (now X), "I do. While in his role as Ambassador Grennell [sic] tried to get Mike Pence to attend a white supremacist gathering during one of his overseas trips." *Id.* ¶ 3. Plaintiff further alleges that Defendant was given the chance to retract her statement but refused to do so. *Id.* ¶¶ 26-28. Plaintiff alleges that "her [T]weet was viewed by thousands, and multiple news outlets pick up [Defendant's Tweet]." *Id.* ¶ 29. Plaintiff alleges that "Defendant is a savvy political operative, who [did this] for the malicious purpose of denigrating and attacking the reputation of someone whose politics she dislikes." *Id.* ¶ 30.

Asserting claims of defamation and defamation *per se*, Plaintiff seeks compensatory, special, and punitive damages in the amount of $5,000,000. *Id.* ¶¶ 39, 45.

### B. Procedural Background

On April 12, 2024, Plaintiff filed his Complaint in the Circuit Court for the City of Alexandria. Dkt. 1-2 at 2, 12. On April 19, 2024, Defendant filed a Notice of Removal to Federal Court and the case was subsequently removed to this Court. Dkt. 1-3. On May 10, 2025, Defendant filed a Motion to Dismiss or for Judgment on the Pleadings and for Dismissal under

---

[2] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Virginia's Anti-SLAPP Law. Dkt. 6. In response, Plaintiff filed his Opposition on May 24, 2024. Dkt. 12. On May 30, 2024, Defendant filed her Reply. Dkt. 14.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## III. ANALYSIS

Defendant seeks to dismiss both of Plaintiff's defamation claims against her in her Motion. The Court will therefore address each count in turn.

A. Defamation

To state a claim for defamation under Virginia law, a plaintiff must plead three elements: (i) publication; (ii) of an actionable statement; and (iii) with the requisite intent. *Va. Citizens Defense League v. Couric*, 910 F.3d 780, 783 (4th Cir. 2018). To be actionable, a statement must be both false and defamatory; that is, they must "injure one's reputation in the common estimation of mankind, to throw contumely, shame or disgrace upon him, or which tends to hold him up to scorn, ridicule, or contempt." *Id.* Further, the false statement must "carry the requisite defamatory sting severe enough to subject the plaintiff to contempt, shame, scorn or disgrace." *Bryant-Shannon v. Hampton Rds. Cmty. Action Program, Inc.*, 299 Va. 579, 588 (2021). "[S]tatements can be made that are offensive, unpleasant, harsh, and critical without necessarily constituting defamation." *Id.*

Here, Plaintiff alleges that Defendant published the statement at issue on Twitter (now X), a global platform. Dkt. 1-2 at 8. The statement alleged that Plaintiff associated with white supremacists during his time in Germany by inviting then Vice President Pence to a white supremacist rally. *Id.* ¶ 22. As courts recognize, however, Plaintiff "cannot argue that merely being associated with certain interests is defamatory." *See, e.g.*, *American Conservative Unit v. Institute for Legislative Analysis*, 2025 WL 510236, at *13 (E.D. Va. Feb. 13, 2025) (internal quotation marks omitted) (dismissing defamation claim premised on the allegation that plaintiffs were associated with influential persons and causes); *Deripaska v. Assoc. Press*, 282 F. Supp. 3d 133, 149 (D.C. 2017) (dismissing defamation claim premised on allegation that plaintiff was associated with the interests of the Russian government). Further, numerous courts have held that "[s]tatements indicating a political opponent is a Nazi . . . are odious and repugnant . . . [b]ut they are not actionable defamation . . . ." *Frank v. Fine*, 2024 WL 473718, *4-5 (M.D. Fla. Jan. 5,

4

2024) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2024 WL 473720 (M.D. Fla. Jan. 19, 2024); *see also Jorjani v. New Jersey Inst. of Tech.*, 2019 WL 1125594, at *8 (D.N.J. Mar. 12, 2019) ("[C]alling [the p]laintiff a 'white supremacist' is synonymous with calling [the p]laintiff 'racist,' and thus will not result in defamation liability.").[3]

### B. Defamation *Per Se*

In addition to finding that Plaintiff has not yet established that Defendant's statement is defamatory, the Court also finds that Plaintiff has failed to plead that the statement is defamation *per se*.

Within that category of defamation, the Supreme Court of Virginia has recognized that certain words can constitute defamation *per se*: (i) those which impute to a person some serious crime involving moral turpitude; (ii) those which impute to a person a contagious disease; (iii) those which impute to a person unfitness to perform the duties of an office or employment; and (iv) those which prejudice such person in his or her profession or trade. *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713 (2006).

---

[3] This Court distinguishes the cases cited by Plaintiff here. The cases provided by Plaintiff in support of the argument that calling Plaintiff a Nazi is sufficient to be defamation are all cases from outside this District, from state courts, and from at least 60 years ago. *See State v. Guinn*, 208 Tenn. 527, 532-33 (1961); *O'Donnell v. Philadelphia Rec. Co.,* 356 Pa. 307, 309, 312-13 (1947); *Goodrich v. Rep. Pub. Co.,* 199 S.W.2d 228, 230 (Tex. Civ. App. 1946). This Court is unconvinced by the citations to these cases, as they do not reflect the current body of law on this issue across the country. *See, e.g.*, *Minnix v. Sinclair Television Grp., Inc.*, 2023 WL 3570955, *5 (W.D. Va. May 19, 2023) ("[I]t is not defamatory to claim that someone is white or conservative."); *Squitieri v. Piedmont Airlines, Inc.*, 2018 WL 934829 (W.D.N.C. Feb. 16, 2018) (affirming that calling an individual a fascist or a racist was not actionable defamation); *Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1440 (9th Cir. 1995) (holding that calling a judge "anti-Semitic" was a non-actionable opinion).

5

Plaintiff claims that Defendant's statements fall under the third and fourth categories of defamation *per se*, that is, defamation which imputes to a person unfitness to perform duties of an office or employment and defamation that impacts a profession, trade, or business.

Plaintiff's claim that Defendant's statements imputed to Plaintiff an unfitness to perform the duties of his office and employment require that "such statements damage [Plaintiff's] standing to engage in his . . . chosen profession and carry the connotation that he . . . lacks the integrity and fitness to [carry out his role]. *Tronfeld*, 272 Va. at 714. At the time the statement was made, Plaintiff was no longer an ambassador, and there are no allegations in the Complaint about his current profession or employment. Accordingly, Plaintiff has failed to plausibly allege that Defendant's statement imputed to Plaintiff any unfitness for such unspecified employment.

Further, regarding the fourth category of defamation *per se*, the Supreme Court of Virginia has noted, "[t]hat a defamatory statement may have had an adverse impact upon a plaintiff's work does not make that statement *per se* defamatory where the defamation is not 'necessarily hurtful' to the plaintiff's business and does not touch upon the plaintiff in his special trade or occupation." *Fleming v. Moore*, 221 Va. 884, 890 (1981). Indeed, in *Fleming*, the Supreme Court of Virginia noted with approval decisions from other jurisdictions holding that an accusation that a former ambassador was a Communist did not constitute defamation *per se*. *Id.* at 891 (citing with approval *Korry v. Int'l Tel. & Telegraph Corp.*, 444 F. Supp. 193, 196 (S.D.N.Y. 1978)). Again, as an initial matter, Plaintiff does not allege what his special trade or occupation is currently. Moreover, applying *Fleming* here, the Court finds that the alleged defamatory statements are not defamatory *per se* as they merely allege Plaintiff invited Former Vice President Mike Pence to attend a white supremacist gathering during an overseas trip. Defendant did not accuse Plaintiff of committing a

crime, nor did Defendant call Plaintiff himself a white supremacist or a Nazi.[4] Plaintiff has not explained how those alleged statements are "necessarily hurtful" to his profession. Other courts have held that similar claims are not defamatory. *See American Conservative Unit*, 2025 WL 510236, at *12-13 (dismissing claim where plaintiffs had not explained how those alleged statements were necessarily hurtful to their business); *Harvey v. CNN, Inc.*, 520 F. Supp. 3d 693, 716 (D. Md. 2021) (dismissing claim where "Harvey does not even attempt to articulate *why* connecting him to the Nunes' investigation related to Biden would expose him to public scorn") (emphasis in original); *Guilford Trans. Indus., Inc. v. Wilner*, 760 A.2d 580, 594 (D.C. Ct. App. 2000) ("[Defamation] necessarily, however, involves the idea of disgrace; and while a statement that a person is a [part of a certain political group] may very possibly arouse adverse feelings against him . . . it cannot be found in itself to be defamatory . . . .").

## IV.   CONCLUSION

In sum, the Court will dismiss the Complaint because Plaintiff has failed to state a claim. Because the Court cannot say on this record that it would be futile for Plaintiff to amend, the Court will grant Plaintiff one opportunity to file an Amended Complaint.

Accordingly, it is hereby ORDERED that the Motion to Dismiss (Dkt. 6) is GRANTED; and it is

---

[4] Plaintiff alleges that Defendant's statements "essentially accuse" Plaintiff of committing a crime, as affiliating with Nazis while in Germany is a crime. Dkt. 1-2 ¶ 43. Although affiliating with Nazis may be a crime in Germany, the relevant community for purposes of evaluating a defamation action herein is Virginia or, at the very least, the United States. And, here, Defendant's statement does not accuse Plaintiff of a crime that could be charged in the United States or under Virginia state law. *See Scalin v. Société Nationale SNCF SA*, 8 F.4th 509, 511 (7th Cir. 2021) (noting that the relevant complaint did "not allege any misconduct within the United States" and injuries occurring in Europe should be litigated in Europe).

FURTHER ORDERED that the Complaint (Dkt. 1-2) is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint, Plaintiff must do so fourteen (14) days from the date of this order. If Plaintiff fails to file an amended complaint by that date, then the Court will direct the Clerk to close this civil action.

It is SO ORDERED.

Alexandria, Virginia

February 27, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge